UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID WARREN HUFFMAN,**

    **Plaintiff,**

    v.

**CHAPLAIN RECKEL,**

    **Defendant.**

Civil Action 2:22-cv-160
Chief Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Plaintiff, David Warren Huffman, has filed an Application to Proceed *In Forma Pauperis* without prepayment of fees. (ECF No. 1.) Plaintiff, who is an Ohio inmate proceeding without the assistance of counsel, filed his Application in connection with a civil rights complaint submitted under 42 U.S.C § 1983 and 42 U.S.C. § 2000cc-1. (ECF No. 1-1, at PageID 23.)

On January 20, 2022, this Court informed Plaintiff that his Application was deficient, in that it did not include "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint," as required by 28 U.S.C. § 1915(a)(2). (Order and Notice of Deficiency, ECF No. 2.) The Court ordered Plaintiff to submit the required trust fund account statement from his institution's cashier or pay the filing fee of $402 within 30 days. (*Id*.) The Court cautioned Plaintiff "that if he fail[ed] to submit the requisite trust fund statement or pay the $402.00 filing fee within 30 days, the Court will assume that Plaintiff has decided not to pursue this case, and

his claims may be subject to dismissal for failure to prosecute." (*Id*. at PageID 41.)  Thirty days have passed, and Plaintiff has not taken action.

"When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed in forma pauperis 'without prepayment of fees or security therefor' under 28 U.S.C.A. § 1915(a)(1)." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997).  "Submission of a sufficient affidavit and a certified trust fund account in accordance with [§ 1915(a)(2)] are statutory requirements for proceeding *in forma pauperis*." *McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)).  The United States Court of Appeals for the Sixth Circuit has described the Court's responsibility when an individual has failed to pay the filing fee or submit the required forms as follows:

> If an inmate not paying the full filing fee fails to provide an affidavit of indigency or trust account statement, the district court shall notify the prisoner of the deficiency and the prisoner shall have thirty (30) days from the date of the deficiency order to correct the error or pay the full filing fee.  If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees.  The district court must then order the case dismissed for want of prosecution.

*In re Prison Litig. Reform Act*, 105 F.3d at 1132.

To date, Plaintiff has not responded to the Court's Order and has not cured the deficiency described therein.  That is, he has not paid the $402 filing fee or submitted the trust fund account statement required for his Application to proceed *in forma pauperis*.  Accordingly, Plaintiff has failed to comply with the Court's Order and has failed to prosecute his case.  It is therefore **RECOMMENDED** that the Court presume Plaintiff is not a pauper and **ASSESS him the full**

**filing fee of $402.** It is further **RECOMMENDED** that this action be **DISMISSED** without prejudice for failure to prosecute.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: March 4, 2021                                              /s/ *Elizabeth A. Preston Deavers*
                                                                ELIZABETH A. PRESTON DEAVERS
                                                                UNITED STATES MAGISTRATE JUDGE